IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31256
Summary Calendar

_____

SHARON FUSELIER

Plaintiff-Appellee

v.

BANKERS LIFE AND CASUALTY CO

Defendant-Appellant

---------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
(01-CV-388)
---------------------------------------------------------------

March 21, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Appellee Sharon Fuselier ("Mrs. Fuselier") filed suit, seeking payment under a life

insurance policy (the "Policy") issued by appellant Bankers Life and Casualty Company

("Bankers"). On cross-motions for summary judgment, the district court ruled in Mrs. Fuselier's

favor, concluding that the Policy was in force at the time of the death of the insured, Terry

Fuselier ("Mr. Fuselier"). Bankers appeals from this order and we reverse.

---

[1]     Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

## BACKGROUND

On November 1, 1989 Bankers issued a life insurance policy (the "Policy") to Mr. Fuselier. At all relevant times Mrs. Fuselier was the beneficiary of the Policy. The Policy provided for surrender at any time at the election of the insured. It did not contain a provision clarifying when a surrender becomes effective.

On March 28, 2000 Mr. Fuselier called Bankers, informing Bankers of his desire to surrender the Policy in exchange for its cash value. Mr. Fuselier called again the same day to confirm that Bankers would be sending him a check the next day.

On March 29, 2000 Bankers sent Mr. Fuselier the check. On the check, Bankers stamped the following statement: "By endorsing this check the payee agrees to surrender the policy whose number appears on this check, and understands that all policy rights are ended as of the surrendered date."

Tragically, on March 31, 2000 Mr. Fuselier was killed in an automobile accident. Subsequently, Mrs. Fuselier received the Bankers check for $471.02, the cash value of the Policy.

## ANALYSIS

"This Circuit reviews a district court's grant of summary judgment *de novo*, applying the same standard of review as would the district court." Merritt-Campbell, Inc. v. RxP Products, Inc., 164 F.3d 957, 961 (5th Cir. 1999). "Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Disputes concerning material facts are genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. An issue is 'material' if it involves a fact that

2

might affect the outcome of the suit under the governing law." Id. (citation omitted). In determining whether a genuine issue of material fact precluding summary judgment exists, we view the evidence in the light most favorable to the non-movant and make all reasonable inferences in her favor. See Bussian v. RJR Nabisco, Inc., 223 F.3d 286, 293 (5th Cir. 2000).

Because this is a diversity case involving the construction of an insurance contract entered into in Louisiana, we apply the law of Louisiana. Nicolson v. Life Ins. Co. of the Southwest, 783 F.2d 1316, 1319 (5th Cir. 1986).

It is undisputed that when Mr. Fuselier called Bankers he unambiguously expressed his desire to surrender the Policy. The only question raised by this appeal is when, if ever, that surrender became effective. Mrs. Fuselier contended below, and the district court agreed, that because the Policy is silent as to the time a surrender becomes effective, the Policy should be construed in her favor. Although this conclusion is very reasonable, Louisiana law precludes this result. In Tucker v. Equitable Life Assur. Soc. of the United States the Louisiana Supreme Court held that where an insurance contract contains a provision allowing surrender at any time at the election of the insured, surrender is effective at the moment the insured unequivocally makes that election. Tucker, 174 La. 598, 602-03 (1932); cf. Franklin Life Ins. Co. v. Smithers, 285 F.2d 875 (5th Cir. 1961).

The facts in this case are similar to those in Smithers with an important difference. In Smithers the insured, Edward Smithers ("Smithers"), unequivocally expressed his intent to surrender his life insurance policy. Id. at 876. The insurance company responded to Smithers' request, informing him that he first needed to complete a release form, and that after the release was received, it would give "prompt attention" to the policy surrender. Id. Smithers completed

3

the release and mailed it to the insurance company. Id. At 876-77. However, before the insurance company received the release, Smithers died. Citing Tucker, we recognized that under Louisiana law, Smithers' unequivocal expression of his desire to surrender the policy would normally have effected an immediate surrender. Id. at 877. We held, however, that Smithers' original letter did not effect a surrender because the subsequent correspondence vis-à-vis the release effected a novation, modifying the contract to make surrender effective at the time the release is received. Id. 877-78. Unfortunately for Mrs. Fuselier, unlike in Smithers, no novation occurred here as Mr. Fuselier never received the check containing the language relied upon by Mrs. Fuselier, and therefore never had an opportunity to assent to it.

Following Tucker and Smithers, we are compelled to conclude that the Policy unambiguously provided for immediate surrender upon request. Mr. Fuselier made that request before his death. Accordingly, Mr. Fuselier was not covered by the Policy at the time of his death.

## CONCLUSION

In light of the foregoing analysis, summary judgment for Bankers was appropriate. Accordingly, we REVERSE and RENDER.

4